■ Floyd W. Tomkins, Jr., Appellant, v Board of Education of the City of New York, Respondent.—In an action to recover for the reasonable value of the use and occupancy of real property, plaintiff appeals from an order of the Supreme Court, Kings County, entered August 3, 1976, which (1) denied his motion for summary judgment, (2) granted summary judgment in favor of the defendant pursuant to CPLR 3212 (subd [b]) and (3) dismissed the complaint. Order reversed, on the law, with $50 costs and disbursements, plaintiff's motion for summary judgment granted, and action remanded to Special Term to determine the reasonable value of the use and occupancy of the subject property from July 1, 1974 until such time as the premises are vacated by defendant. On July 28, 1969 the defendant entered into a 10-year lease with G. P. R. Realty Corp. for the occupation of an office building located at 545 Utica Avenue, Brooklyn. The lessor was obligated to make certain alterations to the building and defendant was obligated to pay an annual rental of $63, 226. The lease contains the following provision: "The Board of Estimate deems the said rent fair and reasonable and that it would be in the best interests of the City * * * that the rental * * * should be paid." Thereafter, and apparently using the lease as security, the lessor executed a mortgage covering the subject premises to the Manhattan Savings Bank. Defendant canceled the lease on June 26, 1974. Section 1106 of the Charter of the City of New York prohibits any employee whose salary

is payable from the city treasury from becoming interested in any business dealings with the city. Two of the principal stockholders of G. P. R. Realty Corp. were also custodians working for defendant at the time the lease was entered into. As a result, defendant was within its rights in canceling the lease (see *Matter of Suttforb Realty Corp. v Board of Educ.*, 55 AD2d 652). Despite defendant's cancellation of the lease, it made no effort to vacate the premises, although no rent, nor the reasonable value of use and occupancy, has been paid since July 1, 1974. G. P. R. Realty Corp. initiated a CPLR article 78 proceeding in an effort to annul defendant's cancellation of the lease. On March 19, 1975, Special Term, Kings County, upheld the lease cancellation. Special Term found that the custodians had disclosed that they held positions with the board of education prior to the execution of the lease, but that the lease could not be enforced because it was illegal. Special Term was careful to note that "This decision is without prejudice to any plenary action petitioners may be advised to bring for the reasonable value of use and occupancy of the demised premises (see *A.R. Fuels, Inc. v City of N. Y.*, N.Y. Law Journal, 9-26-51 p. 632, c7)." This court later affirmed Special Term's determination in *Suttforb Realty Corp. v Board of Educ. (supra)*. On May 21, 1975 defendant passed and forwarded to the Board of Estimate and the Comptroller of the City of New York resolutions to the effect that, pursuant to section 93d-3.0 of the Administrative Code of the City of New York, it would be equitable and proper for the defendant to pay G. P. R. Realty Corp. the reasonable value for defendant's use and occupancy of the building since July 1, 1974. Not long thereafter Manhattan Savings Bank foreclosed its mortgage; the plaintiff in this action was appointed as receiver for the premises on August 19, 1975. The order appointing plaintiff as receiver directed him to collect all rents due and unpaid from the tenants. By letter dated November 12, 1975 plaintiff filed a claim for the value of the use and occupancy of the premises pursuant to sections 2524 and 2562 of the Education Law. On or about February 9, 1976 plaintiff served a summons and complaint, seeking to recover for the use and occupancy of the premises. He moved for summary judgment in May, 1976. The affidavit in support of the motion alleged that the Comptroller had failed to act on the equitable claim pursuant to section 93d-3.0 of the Administrative Code because requests for information from defendant, forwarded in December, 1975 and May, 1976, had gone unanswered. Defendant's affidavit in opposition to the motion failed to deny this allegation. Defendant argued that the illegality of the original lease was a bar to any recovery by plaintiff, except by way of section 93d-3.0 of the Administrative Code and that that equitable claim was being processed. The denial of plaintiff's motion for summary judgment and the grant of summary judgment to defendant was error. Plaintiff was entitled to summary judgment for the reasonable value of the use and occupancy by the defendant; a remand is necessary in order to determine that amount. Although full disclosure was made of the custodians' positions as employees of the defendant, and although the annual rental fee for the subject premises is concededly fair, plaintiff could not recover rent pursuant to the lease itself (see *Seaman v City of New York*, 172 App Div 740, affd 225 NY 648). This, however, is not a bar to recovery for use and occupancy value. Defendant itself has recognized an obligation, albeit because of moral considerations, to pay for the premises which it wishes to occupy for several years. This is why it certified the claim for rent pursuant to section 93d-3.0 of the Administrative Code. This recognition, however, created an inadequate remedy for plaintiff, who is presently still subject to defendant's varying whims, as is

evidenced by defendant's ability to effectively stall any potential recovery by failing to provide the Comptroller with information necessary to resolve the claim made pursuant to the Administrative Code. Defendant's undisputed failures in this regard are in no way explained, a distressing fact in the light of its entry into the lease with full knowledge of the conflict of interests involved. It is also noted that even if the requisite information is provided, there is no guarantee that the claim will be approved. Under these circumstances, plaintiff is entitled to summary judgment. We remand so that a determination may be made as to the fair value for use and occupancy between July 1, 1974 and such time as defendant withdraws from its unjustified occupation of the premises. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.